The opinion of the Court was delivered by
Whitner, J.
The report presents-most aptly the single question to be adjudged in this case. In granting the non-suit on circuit, the Judge “ was guided by what is said in the case of Silman vs. Silman, 2 Hill, 416.” Notwithstanding what was said by the Judge, in delivering the judgment in'the case cited, the facts of this case being different, the plaintiff demands, as he has a right, the judgment of this Court on the case now made. In Silman vs. Silman, the payment by one of two joint contractors, before the statutory limitation was complete, was held to continue the contract as against each for four years subsequent to the payment. In the case now presented, the statute had run out before the payment of a part of the debt by one of three joint contractors, and it is insisted, the old debt was revived, with its original obligation on each one of the contractors. The range of argument in the case cited, covers this case likewise, and in affirming the judgment on circuit, it would be quite sufficient now to adopt that argument, being directly pertinent.
The difference of the effect of a payment by one of two or more contractors, made before or after the debt is barred, is manifest. Whilst the legal obligation subsists, a payment by one, because it is for the benefit of each and the duty of each, may well be regarded as the act of all, and, consequently, as furnishing evidence of a continuing recognition of the original contract. But when the statutory limitation is complete, the legal obligation no longer subsists — the remedy is gone and the liability discharged, as though there never had been any. Nothing short of a new promise to pay, clear, explicit and unconditional, express, or implied, can impart vitality again. It is, in fact, a *30 new contract, and any act which stops short of an express promise, or which fails to furnish evidence of a state of facts from which the law will raise a new promise, will not suffice. When this payment was made by one of the contracting parties the others were in no way interested or benefited, there was no legal obligation upon them, hence the implication of authority or approval in no way arises. The law will not imply a promise from such a state of facts. We have been pressed with the argument, however, that this payment revives the old debt, and this would lead to the strange conclusion of the old debt revived, and yet two out of three of the original contracting parties discharged. The statute looks to the cause of action, and suit must be brought within four years and not after. The new promise is the cause of action, otherwise the statute would not be met, and the new promise is valid because founded on a past consideration, the old debt — this is a good consideration, not because of the legal but the moral obligation which remains. The old debt, therefore, is not revived, though it furnishes evidence of consideration and the true measure of recovery. The new contract and not the old one, therefore, furnishes the cause of action. These defendants were in no way parties to the new contract of M. R. Smith, and therefore were not in any way bound by it.
That the original contract was joint, in no way affects the principles on which the case is decided. They apply equally to partners and joint contractors as to those who contract severally. , .
The cases of Young vs. Moupoey, 2 Bail. 278 ; Reigne vs. Desportes, Dud. 118 ; Bell vs. Morrison, 1 Pet. 351; Sims vs. Radcliffe, 3 Rich. 287; Martin vs. Broach and al., 6 Geo. Rep. 21 — with the authorities therein cited, English and American, in addition to the case of Silman vs. Silman before referred to, will he found full to the points above.
The motion to set aside the non-suit and for a new trial, is dismissed.
O’Neall, Wardlaw, Frost and Withers, JJ., concurred.

Motion dismissed.